CIVIDANES, PLAINTIFF-APPELLANT, *v.* A. HARTMAN & CO.,
DEFENDANT-APPELLANTS.

APPEAL from the District Court of Guayama in an Action
of Debt.

No. 2462.—Decided April 24, 1922.

UNLAWFUL DETAINER—LEASE—IMPROVEMENT.—A lessee who has been defeated
in an action of unlawful detainer for failure to pay the rent has no claim
upon the lessor for the value of fences constructed by him upon the prop-
erty when it had been agreed that the improvements made by the lessee
on the property " * * * should remain for the benefit of the lessor
upon the expiration of the contract."

ID.—ID.—GROWING CROPS.—A lessee who as a result of an action of unlawful
detainer recovered the value of the sugar cane growing on the property when
he was evicted can not recover the value of the ratoons left after the cane
was cut, for the cane and its ratoons were then a single thing whose value
was paid.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the plaintiff.

*Messrs. M. A. Martínez* and *T. Bernardini* for the de-
fendant.

MR. JUSTICE ALDREY delivered the opinion of the court.

A. Hartman & Co. paid Manuel Cividanes the value of
the sugar cane which the latter had planted on a property
when he vacated it as a result of a judgment in an action
of unlawful detainer brought by the former against the latter,
and now Manuel Cividanes, personally and as administrator
of the estate of Rufina Molinari, sues A. Hartman & Co. to
recover the value of the fences constructed by him on the
property and of the ratoons of the cane growing thereon,
both items amounting to $1,458. The defendants opposed
this claim and after trial the court adjudged the defendants
to pay the plaintiff the sum of $540 for both items. From
that judgment both parties appealed and have submitted their
appeals to this court on a single statement of the case.

As the ground of the appeal of the defendants is that
they have no obligation to pay anything on the claim made
against them, we shall consider that question first, for if the

contention is correct there will be no necessity of examining the evidence in order to decide whether the plaintiff is entitled to a greater sum than the judgment allowed him, and this is the only ground of his appeal.

The plaintiff was the lessee of a certain property of the defendants and before the lease expired he was evicted as a result of a judgment against him in an action of unlawful detainer. One of the stipulations of the lease contract reads as follows:

"The lessee may devote the property leased to such agricultural and other purposes as he may see fit, and all improvements that he may make on the property shall remain for the benefit of the lessors at the expiration of this contract."

Although there is no question that the fences constructed upon the property by the lessee are improvements to the property and that in accordance with the contract the improvements should remain for the benefit of the owners, the trial court adjudged that the owners should pay the value of the fences on the ground that by terminating the contract of their own will the lessors waived all rights to which they were entitled under the contract and therefore the lessee should receive the benefit of all rights waived by the other party.

The only ground for allowing recovery of the value of the fences rests upon the erroneous premise that the lessors terminated the contract of their own will before its expiration, when the fact is that they were compelled to bring an action of unlawful detainer against the lessee because of his failure to pay the stipulated rent, as said by the judge of the court below in his opinion. For this reason we need not decide what the legal consequences would be if the lessors, of their own will, had terminated the contract, and therefore they are not bound to pay for that improvement.

It was also erroneous to allow recovery of the value of

the ratoons, because when the lessee vacated the property these ratoons did not exist independently of the standing sugar cane. The cane and its roots, which are the ratoons after the cane is cut, were then a single thing whose value was paid.

What we have said settles also the question presented by the plaintiff's appeal.

The judgment appealed from must be reversed and substituted by another dismissing the complaint without costs.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.